UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00082-GNS

PARIMAX HOLDINGS, LLC                          PLAINTIFFS

VS.

KENTUCKY DOWNS, LLC *ET AL*                     DEFENDANTS

## MEMORANDUM OPINION

## AND ORDER

### INTRODUCTION

Plaintiff Parimax Holdings, LLC has moved this Court for leave to file an amended complaint and join parties pursuant to Rule 15(a) and Rule 20(a) of the Federal Rules of civil Procedure (DN 70). Defendants Kentucky Downs, LLC and Exacta Systems, LLC responded (DN 77), and the Plaintiff replied (DN 82). Additionally, Defendants have filed a motion for oral argument (DN 79). The Plaintiff has filed a response (DN 83), and the Defendants have filed a reply (DN 88). This matter is ripe for adjudication.

### BACKGROUND

This is one of two pending cases against these Defendants alleging misappropriation of trade secrets and breach of contract. The other, however, has as the plaintiff Amtote International, Inc. *See* Amtote Int'l, Inc. v. Kentucky Downs, LLC et al, Civil Action No 1:15-cv-00047-GNS (W.D. Ky.) (the Amtote case). With this motion, Parimax has five objectives: to ensure the record reflects that Parimax was previously substituted for RaceTech KY, LLC; to join Amtote as a co-plaintiff in this case; to amend the complaint in this case with claims

identical to those raised in the Amtote case; to add a claim that the Defendant's misuse of Amtote's confidential information constituted a breach of the licensing agreement at issue in the present case; and to add Magellan Gaming, LLC as a co-defendant (DN 70 at pageID # 850). The undersigned will address each request in turn.

## A. AMENDMENT TO REFLECT THAT PARIMAX IS THE SUCCESSOR IN INTEREST TO RACETECH

This Court previously issued an order substituting Parimax in the Place of RaceTech (DN 50). Moreover, Defendants do not object to this substitution, assuming they maintain all defenses that were available to them under the prior agreement (DN 77 at pageID # 1049). Therefore, amendment is proper under Rule 15(a), and this portion of Plaintiff's motion is granted.

## B. JOINING AMTOTE AS A CO-PLAINTIFF FOR PURPOSES OF ADDING ALLEGATIONS FROM THE AMTOTE CASE

### 1. ARGUMENTS OF THE PARTIES

Parimax seeks to add Amtote as a co-plaintiff in this action. Parimax argues this Court should permit joinder because the claims Amtote is asserting against the Defendants arise out of the same transaction or occurrence as those of Parimax, and there is a common question of law or fact in both cases (DN 70 at pageID # 852-53). Specifically, Parimax's predecessor in interest, RaceTech, entered into an agreement with Kentucky Downs to offer a historical racing system. Amtote entered into a separate agreement to offer a totalisator that would, as the name suggests, total the amounts of incoming wagers (Id.). Now, Parimax alleges principals from Kentucky Downs violated the confidentiality requirements of the Parimax agreement and misappropriated trade secrets for the purpose of creating a competitive historical racing system in the form of

defendant company Exacta Systems. In a separate case, Amtote claims the Defendants violated the totalisator agreement and misappropriated Amtote's trade secrets.

In response, the Defendants argue that joining Amtote will functionally force them to litigate both cases twice. The Defendants note that Parimax has proposed copying identical language from the complaint in the Amtote case. The Defendants further argue Amtote was not a party to the agreement between Defendants and Parimax. As a result, they cannot enforce rights under that agreement (DN 78 at pageID # 1048).

In its reply, Parimax asserts the claims are not duplicative because the complaints will still contain separate claims despite the identity of the allegations in the proposed amendments (DN 82 at pageID # 1111-13). Finally, Parimax argues the Defendants have not adequately demonstrated prejudice (Id.).

2. ANALYSIS

Rule 20(a)(1) of the Federal Rules of Civil Procedure addresses the permissive joinder of parties as plaintiffs. The rule provides parties may be joined as plaintiffs where:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). In the Sixth Circuit, the term "transaction or occurrence" is given a liberal interpretation. Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143, 147 (6th Cir.1969). Even

3

if both requirements of Rule 20(a) are satisfied, however, courts nonetheless retain a great deal of discretion, particularly if there are concerns that joinder might prejudice the non-moving party. Voltage Pictures, LLC v. Does 1-43, No. 1:13cv465, 2013 U.S. Dist. LEXIS 63764, at *5, 2013 WL 1874862 (N.D. Ohio May 3, 2013).

Here, the transaction or occurrence requirement is satisfied. Both Amtote and Parimax provided services related to the Defendants' use of historical racing machines. Both allege that Exacta has misappropriated various trade secrets. Additionally, there could be a common issue of law or fact. However, considerations of judicial economy and prejudice to the Defendants must limit the scope of joinder in this instance.

By their own admission, Parimax seeks to insert language that is identical to language present in the complaint in the Amtote case (DN 70 at pageID # 850). The undersigned has considered the Defendants' objection that they will necessarily be required to defend similar claims by Amtote in two separate cases. However, Parimax is actually seeking to join Amtote as a party under a new claim. Specifically, Parimax asserts that the Defendants' misuse of Amtote's confidential information violated the Parimax licensing agreement. Therefore, while Amtote should not be allowed to litigate their claims from the Amtote case brought pursuant to the Totalisator agreement, for the reasons set forth below, Amtote will be allowed to join this action pursuant to a claim brought pursuant to the Parimax agreement.

C. ADDING A CLAIM THAT AMTOTE IS A

THIRD-PARTY BENEFICIARY UNDER THE PARIMAX AGREEMENT

1. ARGUMENTS OF THE PARTIES

Parimax wishes to amend its complaint with a claim that "Defendants' misuse of Amtote's confidential information was a breach of the License Agreement that forms the basis of the

4

existing contractual claims in this case" (DN 70 at PageID # 853). In its proposed amended complaint (DN 70-2 at pageID # 910), Parimax states that Amtote was a supplier of totalisator services under the Parimax agreement (Id. at ¶ 51-52), that Amtote, acting "as a supplier, agent, and/or representative" of Parimax, provided confidential information to the Defendants (Id. at ¶ 53), and that Amtote had a separate licensing agreement with the Defendants (Id. at ¶ 54).

The Defendants respond that any dispute concerning the sharing of Amtote's confidential information would be fodder for a challenge under the Amtote licensing agreement, but the Parimax agreement offers Amtote no relief (DN 77 at PageID # 1054). The Defendants argue that Amtote is not a party to the Parimax agreement, that Amtote offered no consideration to the Defendants under the Parimax agreement, and that Amtote and the Defendants had no obligations to one another pursuant to the Parimax agreement (Id.). In its reply, Parimax argues Amtote was indeed an intended beneficiary under the Parimax agreement, and the Defendants' own prior arguments have admitted as much (DN 82 at PageID # 1120).

## 2. ANALYSIS

The standard to determine the futility of a proposed amendment under Rule 15(a)(2) is whether it would survive a motion to dismiss. Neighborhood Development Corp: Butchertown, Inc. et al v. Advisory Council on Historic Preservation et al, 632 F.2d 21, 23 (6th Cir. 1980). The Court should assume the factual allegations are true, and a motion to dismiss should only be granted if the claim does not raise a plausible situation where the legal contention could be true. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (cleaned up).

The undersigned accepts as true Parimax's claim that the agreement is governed by Missouri law (DN 82 at PageID # 1119).[1] Thus, under the standard, the issue is whether Parimax has presented a plausible set of facts that Amtote is a third-party beneficiary to the Parimax agreement. The Western District of Missouri has offered the following synopsis of Missouri's law concerning third-party beneficiaries.

> Under Missouri law, "[a] third-party beneficiary can sue to enforce the contract if the contact *[sic]* terms 'clearly express' an intent to benefit either that party or an identifiable class of which the party is a member." Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 301 (Mo. 1993) (en banc); *see also* McKenzie v. Columbian Nat'l Title Ins. Co., 931 S.W.2d 843, 845 (Mo. Ct. App. 1996) ("Only those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract.") (internal quotations omitted). "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party." Netco, Inc. v. Dunn, 194 S.W.3d 353, 358 (Mo. 2006) (en banc). "Third party beneficiary status depends not so much on a desire or purpose to confer a benefit on the third person, but rather on an intent that the promisor assume a direct obligation to him." McKenzie, 931 S.W.2d at 845 (internal quotations omitted). "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." Netco, 194 S.W.3d at 358.

Muhammad v. Public Storage Co., No. 14-0246-cv-W-ODS, 2014 WL 3687328 at *5 (W.D. Mo. July 24, 2014).

Here, Parimax's proposed amended complaint states that the Parimax agreement imposed a duty on Kentucky Downs to maintain the confidential information of disclosing parties (DN 70-2 at ¶ 34). The agreement defines a disclosing party to include suppliers (Id. at ¶ 36). And it

---

[1] The licensing agreement specifies at paragraph 14.3 that "[t]he validity, construction and performance of this Agreement shall be governed by and interpreted in accordance with the laws of the State of Missouri without application of its choice of law rules." (DN 1-2 PageID # 39). But oddly, the agreement also specifies that any action arising out of or relating to this Agreement will be brought in a state court in St. Louis County, Missouri or a federal court in the eastern district of Missouri (Id.).

6

defines suppliers to include Amtote (Id. at ¶ 37). Therefore, if the allegations are true, Amtote constitutes a disclosing party. Next, at ¶ 38 of the proposed amended complaint, Parimax states:

> Section 10.5 of the License Agreement provides:
>
>> Each Party agrees and acknowledges that any breach of this Section 10 may cause irreparable injury to the Disclosing Party and that the Disclosing Party's remedy at law for any such breach may be inadequate. Accordingly, the Parties agree that, in addition to any other remedies provided for herein or otherwise available at law, temporary and permanent injunctive relief and other equitable relief may be granted in any action brought by a Disclosing Party to enforce the provisions of this Section 10 without the necessity of proof of actual damage.

(DN 70-2 at ¶ 38).

Thus, the agreement imposes an additional duty - a promise that Kentucky Downs will not misuse the confidential information of disclosing parties - and appears to provide a remedy to the affected disclosing party to enforce that portion of the agreement. Because the plain terms of the agreement clearly invite a conclusion that Amtote constitutes a disclosing party, the undersigned concludes that the contract, as presented in Parimax's complaint, presents a plausible claim that Amtote is both an identifiable person and a member of an identifiable class (suppliers) whom the contract's express terms intend to benefit. *See* Peters, 853 S.W.2d at 301. Therefore, Parimax's proposed claim is not futile. Amtote will be allowed to join this law suit for the limited purposes of enforcing their rights under Section 10 of the Parimax agreement.

Finally, returning to the Defendants' prejudice argument discussed above, the undersigned notes that joining Amtote for purposes of asserting its rights under the Parimax agreement in no way requires the Defendants to litigate the same claim in multiple law suits. It is possible, for instance, that Amtote could lose as a third-party beneficiary but prevail on the claims under the Totalisator agreement, or vice versa. Moreover, the defenses of two separate

7

alleged contractual violations UNDER TWO SEPARATE CONTRACTS seem likely to present a variety of issues. The only true identity across both cases will be the Defendants' alleged conduct. And, to that end, the Plaintiffs have noted their willingness to consolidate both cases (DN 82 at PageID # 1112).

### D. JOINING MAGELLAN AS A PARTY

#### 1. ARGUMENTS OF THE PARTIES

Parimax next seeks to add Magellan as a co-defendant in this action. Parimax argues its allegations against Magellan arise from the same transaction or occurrence, or series of transactions or occurrences, as its allegations against Kentucky Downs. To this end, Parimax claims that Corey Johnsen and Nicholas Hughes were principals of both Kentucky Downs and Magellan (DN 70 at PageID # 855-56). As a result, Parimax claims, information that was disclosed to Johnsen and Hughes was necessarily disclosed to both Magellan and Kentucky Downs (Id.). In response, the Defendants state that they do not oppose the joinder of Magellan in the Amtote case, but also joining Magellan in this case would create the same duplication of claims that the Defendants alleged would prejudice them if Amtote were added as a co-plaintiff (DN 77 at PageID # 1053).

#### 2. ANALYSIS

The standard for permissive joinder under Rule 20(a)(1) is set forth above. Here, Parimax has demonstrated that the transaction or occurrence prong of the analysis is satisfied, particularly given the allegation that Johnsen and Hughes were principals of both companies. Moreover, Parimax alleges that Magellan engaged in tortious interference with its contract with Kentucky Downs (DN 70-2 at PageID # 923 ¶ 113-16). Contrary to the Defendants' argument, this constitutes a separate cause of action from the Amtote case because the Amtote case

concerns Magellan's alleged interference with the totalisator service agreement. Therefore, where the claim against Magellan, as alleged, arises out of the same transaction or occurrence, or series of transactions or occurrences, and where there is no unfair prejudice to the Defendants, the requirements for joinder of Magellan have been satisfied.

### E. MOTION FOR ORAL ARGUMENT

The defendants have filed a motion for a hearing in this matter (DN 79). Parimax responded, stating they believe their pleadings to be sufficient, but they are willing to participate if this Court feels it is necessary (DN 83). The Defendants replied (DN 88). Although the Defendants claim there are factual issues that have occurred off the record of which this Court is unaware, the means to present those facts was to supplement the record with exhibits to their pleadings. Moreover, while this case's procedural posture is unusual, it is not so complicated or beyond the norm that the Court needs to hear additional arguments to reach a decision. Therefore, Defendants motion (DN 79) is denied.

### **ORDER**

**IT IS HEREBY ORDERED** that Parimax's motion (DN 70) is granted in full.

**IT IS FURTHER ORDERED** that the clerk of court shall file Plaintiff's proposed amended complaint (DN 70-2).

**IT IS FURTHER ORDERED that Defendants' motion (DN 79) is denied).**

Copies:	Counsel