UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00082-GNS

PARIMAX HOLDINGS, LLC;
AMTOTE INTERNATIONAL, INC.                                   PLAINTIFFS

VS.

KENTUCKY DOWNS, LLC *ET AL*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

INTRODUCTION

This is a discovery dispute that has resulted in cross motions to compel by Plaintiffs Parimax Holdings, LLC and AmTote International, Inc. and Defendants Kentucky Downs, LLC, Exacta Systems, LLC, and Magellan Gaming, LLC. Plaintiff's motion to compel is located at (DN 103 SEALED) and (DN 104). Defendants' response is at (DN 115) and (DN 117 SEALED), and Plaintiffs' reply is at (DN 124) and (DN 125 SEALED). Defendants' motion is at DN 105 (SEALED) and (DN 106). Plaintiffs' response is at (DN 113) and (DN 114 SEALED), and Defendants' reply is at (DN 122 SEALED). Both motions are ripe for review. For the reasons set forth below, Plaintiffs' motion to compel is denied in full, and Defendants' motion to compel is granted in part.

Discussion

1. Plaintiffs' Motion

This case (the Parimax case) is the companion case to <u>AmTote International Inc. et al v. Kentucky Downs, LLC et al</u>, civil action No. 1:15-CV-00047-GNS (the AmTote case). The

Parties have agreed to consolidate the two actions for purposes of discovery only, pursuant to the terms of the Second Agreed Amended Joint Scheduling Order ("the Agreement") (DN 67). Paragraph 7 of the Agreement provides that discovery produced in the Parimax case shall be deemed to have been produced in the AmTote case, and vice versa (Id. p. 3). The Agreement further provides that requests propounded in one case do not count toward the total limit of requests propounded in the companion case (Id.).

The undersigned ordered a telephonic conference held on November 2, 2017 (DN 133). The purpose of the telephonic conference was to ensure that, though discovery in the two cases is proceeding jointly, the parties did not believe a request propounded in one case to also constitute a request in the companion case. The parties expressed that they understood requests for discovery to apply only to the cases in which the requests were propounded, notwithstanding the fact that information gathered from the requests is deemed produced in both cases.

Motions to compel responses to written discovery are governed by Rule 37 of the Federal Rules of Civil Procedure. Blanton v. Torrey Pines Prop. Mgmt., No. 15-CV-0892 W (NLS), 2017 U.S. LEXIS 72381, at * (S.D. Calif. May 10, 2017). As a threshold matter, the moving party must have standing to bring the motion to compel under Rule 37. Id. (citations omitted). The text of Rule 37(a)(3)(B) provides that "**[a] party seeking discovery** may move for an order compelling an answer, designation, production, or inspection." (emphasis added). Thus, only the party who propounded the disputed discovery requests has standing to move to compel their answers. Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997) (holding defendant lacked standing to compel a response to codefendant's discovery request). The Sixth Circuit has not directly addressed this distinction, but other district courts have reached the same conclusion based on a plain reading of the Rule. *See e.g.* Phoenix Life Ins. Co. v. Raider-Dennis Agency,

Inc., Nos. 07-CV-15324, 08-CV-11562, 2010 WL 839416, *1 (E.D. Mich. Mar. 4, 2010) (Noting that a plain reading of the Rule suggests only the party who issued a discovery request may seek to enforce the request); Kingsway Financial Servs., Inc. v. Price Waterhouse-Coopers, LLP, No. 03 Civ. 5560(RMB)(HBP), 2009 WL 72165, *3 (S.D.N.Y. Jan. 9, 2009) (same); In re Urethane Antitrust Litig., 237 F.R.D. 454, 457 (D. Kan. 2006) (same). While the present matter has the added wrinkle that two cases have been consolidated for discovery purposes, the reasoning is the same.

A review of all of both parties' exhibits reveals that AmTote, and only AmTote, propounded the discovery request at issue, and it did so only in the AmTote case (*see* DN 117-4 SEALED at PageID # 2258, AmTote's Third Set of Requests for Production of Documents). Yet, in this case, both Parimax and AmTote have moved to compel Defendants to provide more fulsome responses to the written discovery that AmTote propounded in the AmTote case (DN 103). The undersigned will deny Parimax and AmTote's motion to compel in this case (DN 103) because the AmTote case is the appropriate action in which to file the motion to compel, and AmTote is the only party with standing to pursue the relief sought. Contemporaneously, the undersigned will issue an order addressing AmTote and Parimax's motion to compel in the AmTote case (DN 152).

## 2. Defendants' Motion

The next issue is the substance of Defendants' motion. Defendants' use their motion to compel as a vehicle of reiterating why the undersigned should not grant AmTote's motion, but they further note that, if AmTote's motion is granted, then Defendants should be entitled to compel responses and documents to very similar discovery requests propounded to AmTote and Parimax. The Plaintiffs respond that Defendants' motion isn't timely because Defendants have

not yet sent Plaintiff a deficiency letter nor made any effort to resolve the dispute without court intervention.

The Court has broad discretion in matters affecting discovery. Trepel v. Roadway Express, Inc., 194 F.3d 708 (6th Cir. 1999). Thus, while Defendants have not strictly complied with LR 37.1, judicial economy favors resolving this issue at the present time rather than forcing the parties into unnecessary and what are certain to be fruitless attempts at further negotiations. Nat'l Info. & Commc'ns Equip. Network, Inc. v. Willagan, et al, No. 06-28-DLB, 2007 WL 773774, at *3 (E.D. Ky. Mar. 9, 2007). Moreover, as a result of the parties' positions advanced during the June 30, 2017 telephonic conference, the undersigned greenlit both parties to file reciprocal motions to compel on these issues (DN 101). Plaintiffs' argument is therefore not well-taken, and the undersigned will address the merits of the dispute.

Turning to the merits, the undersigned notes that AmTote's own expert opined that accessing the source code and other sensitive documents is the only means by which he can conclude whether or not the Exacta System is derivative of the AmTote and Race Tech systems. The Court discussed this in detail in the AmTote case, where it ruled on the substance of AmTote's motion to compel. If it is true that the only means of knowing whether the Exacta System is derivative of the AmTote and Race Tech systems is to examine the source code and other confidential documents, then it would follow that the only means for Exacta to refute such a finding is to allow its own expert to examine the systems side-by-side.

There appears to be one bit of confusion, however, and it may be a result of this Court's order to the parties. Parimax argues the Parimax system is not relevant to this litigation because Parimax is the successor in interest to RaceTech (DN 122 at PageID # 2033). While Parimax has inherited the intellectual property rights and, as a result, the rights associated with this lawsuit,

4

the Parimax pari-mutuel wagering system is not the focus of the action (Id. at PageID # 2034-35).  Parimax is not asserting misappropriation of Parimax technology, and instead is standing in the shoes of RaceTech and enforcing the rights it purchased from RaceTech.

This Court's order references the Parimax system when instructing the parties to prepare motions to compel (DN 101 at PageID # 1318).  But this order was prepared after the telephonic conference, and not in response to thoroughly briefed issues.  The Defendants have not disputed Plaintiffs' argument, stating only that the Parimax System is relevant and "Plaintiffs cannot seek all of Exacta's software and source code by claiming that it must be a derivative of their trade secrets, but at the same time not produce their software and source code that was allegedly enhanced or served as the basis of the Exacta System" (DN 122 at PageID # 2375).  Moreover, later in its reply, Defendants note that, when propounding discovery, Defendants requested the source code for the Instant Racing System, which is the product of RaceTech, not the Parimax system (Id. at PageID # 2376).  The undersigned will therefore grant Defendants' motion to the extent it seeks information related to the AmTote and Instant Racing systems, but deny the motion as it pertains to requests for information about the Parimax system.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel (DN 103 SEALED and DN 104) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel (DN 105 SEALED and DN 106) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that, to the extent Defendants seek information about the AmTote and Instant Racing systems, their motion is **GRANTED**, and to the extent they seek information about the Parimax system, their motion is **DENIED**.

Copies:    Counsel